947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lincoln Lane ADDLEMAN, Plaintiff-Appellant,
v.
C.F. MERRITT; Janet Barbour; Ronald T. Definbaugh; Bev
Sondag; John Laplante, et al., Defendants-Appellees.
 No. 90-35651.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Nov. 8, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lincoln Addleman is a Washington State prisoner who is prohibited from filing lawsuits in the Western District of Washington unless certain criteria are met. This appeal arises from a motion requesting permission to file an action alleging violations of his Eighth Amendment rights. The district court dismissed his request because it was frivolous. Addleman appeals.
 
 
 3
 We find that a complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 * Addleman argues that prison officials violated the Eighth Amendment by refusing him a single-man cell despite his documented medical need. The recommendation that he be placed in a single cell due to psychological need conflicts with a more recent diagnosis. He further alleges that prison officials threatened to transfer him and wrongfully placed him in administrative segregation. His placement in administrative segregation and consideration for transfer were in response to a letter he wrote threatening staff and inmates if double-celled.
 
 II
 
 5
 A conflict in the diagnosis of a medical impairment does not violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nor does a prisoner have a constitutional right to remain in a specific institution. Meachum v. Fano, 427 U.S. 215 (1976). Placement of prisoners in administrative segregation is a matter of administrative discretion. Hewitt v. Helms, 459 U.S. 460, 468 (1983). The conduct of prison officials may violate the Eighth Amendment only if they engage in the wanton and unnecessary infliction of pain, Rhodes v. Chapman, 452 U.S. 337, 357 (1981), or if it reaches deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991).
 
 
 6
 None of Addleman's claims independently violate the Eighth Amendment. Nothing in the record suggests that prison officials were indifferent to his needs or engaged in the wanton and unnecessary infliction of pain. Addleman's request for a new trial was properly denied.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3